Brian P. Fay
Angel, Coil & Bartlett
125 West Mendenhall
Bozeman, MT 59715
Phone: (406)586-3084
FAX: (406) 585-7654
Attorney for Defendant
Toby McAdam

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
### BILLINGS  DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br><br>Plaintiff, )<br><br>vs. )<br><br>TOBY MCADAM, )<br> d/b/a RISINGSUN HERBAL )<br>    HEALTH CORP., )<br> d/b/a RISINGSUN HEALTH, )<br> d/b/a RISINGSUN )<br>    NUTRITIONAL CORP. )<br> d/b/a RISINGSUN )<br>    MINISTRIES, )<br> d/b/a NUTRITIONAL )<br>    SUPPLEMENTS, INC. )<br> d/b/a MCADAM HEALTH )<br>    ENTERPRISES CORP. )<br><br>Defendant. )<br>_____)  | Cause No. CR 15-118-BLG-SPW |

## DEFENDANT'S BRIEF IN SUPPORT OF UNOPPOSED MOTION TO PROCEED TO SENTENCING IMMEDIATELY FOLLOWING CHANGE OF PLEA

Pursuant to the provisions of Local Rule CR 47.2, Toby McAdam

(McAdam), by and through his attorney, Brian P. Fay of Angel, Coil & Bartlett,

Attorneys at Law, hereby respectfully submits this Memorandum in Support of

Defendant, Toby McAdam's, Unopposed Motion to Proceed to Sentencing

Immediately Following Change of Plea.

## I.  INTRODUCTION

On Tuesday, December 1, 2015, McAdam intends to plead guilty to Count I of the Amended Information.  Count I of the Amended Information charges McAdam with violating 18 U.S.C. §401(3), for disobeying the provisions of a Consent Decree entered into by the parties on November 5, 2010 and a December 4, 2013 Order of Civil Contempt.  The parties have entered into a Plea Agreement which will be filed with the Court on December 1, 2015, as, at this point in time, it has only been signed by McAdam and the undersigned.

Federal Rule of Criminal Procedure 32(c) provides:

**(c) Presentence Investigation.**
    **(1) Required Investigation.**
    **(A) In General.**  The probation officer must conduct a
    presentence investigation and submit a report to the court
    before it imposes sentence unless: ....
    (ii) the court finds that the information in the record enables
    it to meaningfully exercise its sentencing authority under
    18 U.S.C. §3553, and the court explains its finding on the record.

## II.  ARGUMENT

The Sentencing Guidelines are now, of course, advisory.  See *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). Thus, although the recommended Guideline range must be taken into account, this Court must follow the "parsimony provision" of 18 U.S.C. § 3553(a), which is the "overarching" command of the statute.  *Kimbrough v. United States*, 552 U.S. 85, 128 S.Ct. 558, 570, 169 L.Ed.2d 481 (2007). That provision provides:  "[t]he court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection." 18 U.S.C. § 3553(a).

Those purposes, set forth in paragraph 2, are: "the need for the sentence imposed A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; B) to afford adequate deterrence to criminal conduct; C) to protect the public from further crimes of the

1   defendant; and D) to provide the defendant with needed educational or vocational

2   training, medical care, or other correctional treatment in the most effective

3   manner." 18 U.S.C. § 3553(a)(2).

4        In making this determination the Court must consider the nature and

5   circumstances of the offense, the history and characteristics of the defendant, the

6   kinds of sentences available, the Guideline range and any comments thereto, the

7   need to avoid unwarranted sentence disparities, and the need to provide restitution

8   to any victims. 18 U.S.C. § 3553(a).

9        **A.   Sentencing Guidelines.**

10       U.S.S.G. §2J1.1 is the applicable guideline for a violation of 18 U.S.C.

11  §401.  See U.S.S.G. Appendix A.  Section 2J1.1 requires the application of

12  U.S.S.G. §2X5.1.   Section 2X5.1 provides in pertinent part that "[i]f there is not a

13  sufficiently analogous guideline, the provisions of 18 U.S.C. §3553 shall

14  control..."  McAdam believes that there is not a sufficiently analogous guideline

15  and, therefore, believes it is appropriate for the Court to sentence him in

16  accordance with the §3553(a) sentencing factors.

17       **B.   Nature and Circumstances of Offense.**

18       The Amended Information charges McAdam with eight counts of violating

19  the Consent Decree and the Civil Order of Contempt.  McAdam will plead guilty

20  to Count I and the remaining seven counts will be dismissed pursuant to the terms

21  of the plea agreement .  A review of the discovery provided in this case leaves the

22  undersigned convinced that, if put to its burden, the government could prove

23  multiple instances where McAdam has violated the terms and conditions of the

24  Consent Decree and the Civil Order of Contempt.  See Amended Information.

25       On multiple occasions, McAdam sold Lugol's Iodine and Bloodroot

26  Immune Nutritional Support in violation of the Consent Decree and the Civil

27  Order of Contempt.  However, there is no indication that any of the purchasers

28  were harmed or otherwise experienced deleterious effects from these products.

### C.   History and Characteristics of McAdam.

McAdam is a 56 year old man who comes before the Court for sentencing for violating 18 U.S.C. §401(3).  He is a lifelong resident of Montana.  He graduated from high school in 1977 and from Dickinson College in 1981.  He has a son, Christopher James, who lives in Willow Creek, Montana and a daughter, Geolyn, who lives in British Columbia.  He and his wife, Cheryl, divorced in 1987.  He has not remarried.  He has no drug or alcohol issues.  He has spent most of the last twenty years in the health supplement and alternative health fields.

McAdam is not in good health.  He suffers from sleep apnea, a herniated disc, multiple sclerosis, acid reflux and possibly lung cancer.  He takes ambien as a sleep aid and hydrocodone for back pain.  He also takes medication for acid reflux.

The undersigned does not believe that McAdam scores any criminal history points.  However, he does have a past criminal history as follows:

1991:  misdemeanor bad checks, Gallatin County, convicted, 90 day suspended sentence;

1991: felony bad checks, Fergus County, 2 year deferred imposition of sentence which was revoked, subsequently sentenced to 6 years MSP;

1992:  Criminal Contempt, Fergus County, 5 days in jail (failure to pay fines/restitution);

1992:  Criminal Contempt, Lewistown City Court, no jail;

1994:  PFMA, Billings Municipal Court, 6 months suspended plus fines;

1998:  misdemeanor bad check, Park County, no jail time, fined;

2000:  misdemeanor bad check, Park County, no jail time, fined;

2000:  misdemeanor bad check, Laurel City Court, 6 months in jail with all but 10 days suspended, fined.

In a telephone conference on Wednesday, November 25, 2015, the undersigned was informed by probation officer Eric Bueller that McAdam has

1    complied with the terms and conditions of his release.

2    **D.   The Plea Agreement and Section 3553(a) Sentencing Factors.**

3    Paragraph 2 of the Plea Agreement calls for restitution.  McAdam believes

4    that the government is entitled to restitution in the amount of $34.50 for the

5    undercover purchase of Bloodroot Immune Nutritional Support on or about April

6    22, 2015, and in the amount of $24.45 for the undercover purchase of Lugol's

7    Iodine on January 29, 2014.

8    Paragraph 10 of the Plea Agreement call for a joint recommendation by the

9    parties for a sentence of four months incarceration.

10   These salient provisions of the Plea Agreement adequately reflect the

11   seriousness of the offense, promote respect for the law,  provide just punishment

12   for the offense, afford adequate deterrence to criminal conduct and protect the

13   public from further crimes of the defendant.

14   This Plea Agreement is the product of an arms length negotiation following

15   full disclosure by the government in accordance with the provisions of

16   Fed.R.Crim.P. 16.  Accordingly, the parties believe that provisions of the Plea

17   Agreement are sufficient, but not greater than necessary to comply with the section

18   3553(a) sentencing factors.  Accordingly, McAdam believes that the Court should

19   proceed immediately to sentencing following his Change of Plea Hearing on

20   Tuesday, December 1, 2015.

21   Respectfully submitted this 27th  day of November, 2015.

22   Angel, Coil & Bartlett

23

24   /s/ Brian P. Fay
     Brian P. Fay
25   Attorney for Defendant
     Toby McAdam
26

27

28

**CERTIFICATE OF COMPLIANCE**

Brian P. Fay hereby certifies that the Memorandum in Support is in compliance with Local Rule CR 47.2. The Memorandum's line spacing is double spaced (except quotations), and is proportionately spaced, with a 14 point font size and contains less than 6500 words. (Total number of words: 1180 excluding captions and certificates).

Respectfully submitted this 27th day of November, 2015.

ANGEL, COIL & BARTLETT


   /s/ Brian P. Fay_____
Brian P. Fay
Attorney for Defendant